Nov. Term,
1843.

FELLOWS
v.
KRESS.

---

## FELLOWS and Another *v.* KRESS.

Assumpsit.  The issues were whether a note, pleaded as a set-off, had been
discharged by an accord and satisfaction, or in any other manner.  The
Court instructed the jury that if the note was, for value, surren-
dered to the plaintiff with a promise by him to account for the proceeds of
it, the promise to account was the only proper subject of set-off in the
cause.  *Held*, that the instruction was erroneous.

ERROR to the *Lawrence* Circuit Court.

DEWEY, J.—Assumpsit by *Kress* against *W.* and *C. Fel-
lows*.  Verdict and judgment for the plaintiff.

One of the pleas filed by the defendants was a statutory

*Tuesday,
January 23,
1844.*

Nov. Term, 1843.

FELLOWS
v.
KRESS.

plea of payment, containing several matters of set-off; one of the items of set-off was a promissory note made by the plaintiff to the defendants for 8,618 dollars and 89 cents. The plaintiff replied to this item, alleging an accord and satisfaction of the note by the sale and delivery, by the plaintiff to the defendants, of certain boat-loads of pork and bacon, &c. The defendants rejoined denying the accord and satisfaction; upon which there was issue. The plaintiff also replied to the whole matter of set-off non assumpsit, upon which there was issue. The Court instructed the jury: "If the note for 8,618 dollars and 89 cents was, for a valuable consideration, surrendered up to *Kress*, with a promise from him, that he would account for the proceeds of it, the promise to account was the only proper subject of set-off in this cause." The defendants excepted.

We think this instruction cannot be sustained. The issues were whether the note had been discharged by accord and satisfaction, or in any other manner. If the proof sustained either of the issues on the part of the plaintiff, the note was not a valid set-off, otherwise it was. This was a matter for the consideration of the jury under all the circumstances of the case. But they were told by the Court, that if the note was surrendered to the plaintiff for a valuable consideration, he promising to account for it, the note was not an available set-off. This was saying, that transactions between the parties, which the jury might, or might not, consider as establishing an accord and satisfaction or other discharge of the note, would defeat the set-off. If, indeed, the note had been satisfied, paid, or discharged, and a new, distinct, and valid promise was made by the plaintiff, such promise, and not the note, should have been pleaded as a set-off. But whether the surrender of the note and the other circumstances attending it were a satisfaction, payment, or discharge, should have been left to the jury.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. Crawford, J. W. Payne,* and *G. G. Dunn,* for the plaintiffs.

*J. G. Marshall* and *R. W. Thompson,* for the defendant.